UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JAMES WATSON,

     Plaintiff,

v.

SD CANTINA LLC d/b/a Sea Dog Cantina,

     Defendant.

_____/

## **COMPLAINT**

     Plaintiff James Watson ("Plaintiff") by and through his undersigned counsel hereby sues Defendant SD Cantina LLC doing business as Sea Dog Cantina ("Defendant"), a Florida for profit corporation, for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

     1.    Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

     2.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of

Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See also* 28 U.S.C. § 2201 and § 2202.

3.    Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4.    Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide him a window into the world that he would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to him (a visually impaired customer) the ability to effectively communicate with Defendant's place of public accommodation despite using the available software for that purpose.

5.    Plaintiff is also a "tester" for the purpose of asserting his civil rights

and monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6.     Defendant owns and operates the Sea Dog Cantina restaurant which is located at 2832 Beach Boulevard S, Gulfport, Florida 33707. The Sea Dog Cantina is a Mexican inspired restaurant which features a tequila and craft beer bar. The Sea Dog Cantina is part of a small chain of restaurants/bars with the genesis being the Sea Dog craft brewery in Bangor, Maine. There are a total of ten Sea Dog restaurants/bars, three of which are in Florida, five are in Maine and two are in New Hampshire. On information and belief, the ten Sea Dog restaurants/bars are either franchise operations or owned by related entities to the Sea Dog Cantina which is subject of the instant action.  The Sea Dog Cantina is open to the public and as such is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2). Defendant's Sea Dog Cantina is referenced throughout as "place of public accommodation," "Sea Dog Cantina," or "restaurant."

7.     As Defendant is the owner and operator of the Sea Dog Cantina, Defendant is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

8.     Subsequent to the effective date of the ADA, Defendant constructed, or caused to be constructed, and/or became a beneficiary of, the mobile website

3

https://cantina.seadogbrewing.com (hereinafter "mobile website") for the public (such as Plaintiff) to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, and is complementary and supplemental to Defendant's Sea Dog Cantina restaurant, as it delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons of its restaurant physical location. The https://cantina.seadogbrewing.com can also be accessed through https://seadogbrewing.com which lists all of the Sea Dog restaurants and bars, however the https://seadogbrewing.com website is not a part of this instant action.

9. The mobile website is offered by Defendant as a way for the public to become familiar with Sea Dog Cantina menu selections, hours of operation, restaurant location, provides a link so that the public can order prepared food online for pickup or for delivery[1], provides a link to reserve a table to dine within the restaurant[2], allows the public to sign up for the Sea Dog "Mug Club" membership in order to obtain frequent user points and discounts, has a calendar which informs the public about Sea Dog Cantina special events, and provides other information Defendant seeks to communicate to the public. The mobile website also enables the public to reserve/book the Sea Dog Cantina food truck which serves as the catering

---

[1] Delivery options include Uber East, Door Dash, and Grub Hub
[2] Reservations through Open Table

arm of the Sea Dog Cantina, provides links to the Sea Dog Cantina Facebook, Twitter and Instagram pages, and advertises that Sea Dog merchandise is available through the restaurant location. By the provision of menu selection, reservation services, to-go order and delivery selection, and the ability to sign up for the Mug Club frequent patron membership, the mobile website is an integral part of the goods and services offered by Defendant on behalf of its Sea Dog Cantina restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of the ADA[3], 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

10.    The mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device.  Defendant has subjected itself to the ADA because the mobile website is offered as a tool to promote, advertise and sell products and services from its Sea Dog Cantina restaurant. As a result, the mobile website must interact with the public, which includes Plaintiff (a visually impaired person). Therefore, the mobile website must comply with the ADA, which means it must not

---

[3] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice.  The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/.  The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[4]

11.    The mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means of accommodation.

12.    Like the seeing community, Plaintiff would like the opportunity to be able to use the https://cantina.seadogbrewing.com mobile website to test whether he can comprehend Sea Dog Cantina menu selections and to test for the ability to make reservations and order food online for pickup or delivery, and to test for the ability to inquire about catering with the Sea Dog Food Truck online. However, unless Defendant is required to eliminate the barriers to Plaintiff's ability to communicate with Defendant through the mobile website, Plaintiff will continue to denied full and equal access to the mobile website and will be deterred from fully using that mobile website.

13.    Plaintiff   is   continuously   aware   of   the   violations   on   the https://cantina.seadogbrewing.com mobile website and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations

---

[4] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

exist.

14.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this action is his only means to secure adequate redress from Defendant's practice.

15.     Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

16.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

17.     The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

18.     According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material

available to individuals who are blind or have low vision.

19.     28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

20.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

21.     The https://cantina.seadogbrewing.com mobile website has been designed to integrate with Defendant's restaurant through the provision of a reservation service, the ability to order food online for pickup or delivery, and to inquire and book the Sea Dog Food Truck for catering events. Therefore, the mobile website is an extension of Defendant's Sea Dog Cantina restaurant. Defendant has extended its restaurant into individual persons' homes and portable devices wherever located through the mobile website which is a service, facility, privilege, advantage, benefit and accommodation of its restaurant. Because the mobile website is integrated with, and is a nexus to, Defendant's brick-and-mortar restaurant, it is

required by 28 C.F.R. Section 36.303 *et seq*. to provide effective communication to Plaintiff, as a visually impaired person.

22.     Plaintiff attempted to access and test the mobile website https://cantina.seadogbrewing.com, but was unable to do so because the mobile website contains barriers to effective communication for visually impaired individuals such as himself. Plaintiff continues to be unable to effectively communicate with Defendant through the mobile website and understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen reader software user) include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

   i.   Guideline 1.1.1 Non-Text Content is violated. Icons are used to indicate dish types such as "vegan" and "gluten free," but the individual icons are not announced. For example, the *V* icon next to the *Beyond Tacos* dish does not receive focus and is not announced.

   ii.   Guideline 1.4.5 Images of Text is violated. The mobile website does not use images of text so mobile VoiceOver screen reader software users are unable to comprehend. For example, the content in the *Express Lunch* PDF menu is only available as an image. None of the content in the PDF menu is announced, and only a single unlabeled image is announced.

   iii.   Guideline 2.4.3 Focus order is violated. Mobile websites are required to provide focus in a logical order that preserves meaning and operability, however this mobile website violates this requirement. For example, the content in the *Dinner* menu is out of order which prevents mobile VoiceOver screen reader software users from understanding parts of the menu. For

example, when a mobile VoiceOver screen reader software user swipes to the *white wines* section, all of the prices are announced at once and the specific wine names are not announced.

iv.   Guideline 2.4.4 Link purpose (in context) is violated. Link purpose must be clear from its context, and this is not the case. For example, three graphic links are shown in the *Get it Delivered* section, but none of these graphic links are labeled. For example, the *Uber Eats* graphic link is announced as only "slash link."

v.   Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. After the unlabeled *search* button is announced, focus skips the *main menu* icon and moves to the page content. The *main menu* icon is not announced so mobile VoiceOver screen reader software users are unaware of the *main menu* icon and therefore unable to open the *main menu*. Further, content such as the *Locations* menu are only displayed when a mobile VoiceOver screen reader software user expands the icon.

23.   In this instant case, the mobile website reservation system and food delivery system are both linked to third party vendors. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to third party vendor platforms does not absolve Defendant of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to unequal treatment "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through

contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

24.     As the owner and/or operator and/or beneficiary of a mobile website which serves as a gateway to the Sea Dog Cantina, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create, maintain and operate a mobile website that is accessible to Plaintiff so that he (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability comprehend menu selections and to test for his ability to make a reservation to dine within the Sea Dog Cantina and to order food online and for delivery and to test for the ability to inquire and book the Sea Dog Food Truck for catering special events.

25.     Defendant has violated the ADA by failing to interface the mobile website which is directly linked to its restaurant with VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations delineated within paragraph 22) either directly or through contractual, licensing or other arrangements. Defendant's violations have resulted in Defendant denying Plaintiff effective communication on the basis of his disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

26.     Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test the mobile website as long as those violations exist.

27.     As the result of the barriers to communication which are present within the mobile website and by continuing to operate and/or benefit from the mobile website with such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and has deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and has been deterred and discouraged from doing so. By benefiting from and/or maintaining a mobile website with barriers to effective communication, Defendant has deprived Plaintiff the equality of opportunity which it offers to the general public.

28.     Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of Defendant's violations until Defendant is compelled to comply with the requirements of the ADA and conform the mobile website to WCAG 2.1 Level A and AA Guidelines.

29.     Plaintiff desires to access the mobile website to assure himself that the mobile website is in compliance with the ADA so that he will be able to comprehend the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend the Sea Dog Cantina menu selections, and to test for the ability to inquire about booking the Sea Dog Food Truck for catering events online, to test for the ability to make reservations and to order food online for delivery or pickup due to Defendant's non-compliance with the ADA with respect to the mobile website.

30.     Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and damage without the immediate relief as requested herein.

31.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter the mobile website to make it readily accessible to and usable by usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant SD Cantina LLC and requests the following injunctive and declaratory relief:

a.     The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with

Disabilities Act and 28 C.F.R. Section 36.303 *et seq*.;

b. The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain the mobile website which serves as a gateway to its restaurant to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c. The Court issue an Order directing Defendant to alter the mobile website to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with the mobile website for purposes of comprehending Sea Dog Cantina menu selections, ordering/paying for prepared food for pickup or delivery, for making reservations to dine within the restaurant, and during that time period prior to the mobile website's being designed to permit Plaintiff to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to effectively communicate so that he is not impeded from obtaining the goods and services which Defendant has made available to the public through the mobile website.

e. The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards Plaintiff (a visually impaired

person) for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f.    The Court enter an Order directing Defendant to continually update and maintain the mobile website to ensure that it remains fully accessible and usable pursuant to Title III of the ADA;

g.    The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

h.    The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 7, 2022

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*